UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISIDRO DELUNA, | ) | 1:08-cv-00574-AWI-BAK-SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 12) |
| | ) | |
| v. | ) | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| | ) | |
| BEN CURRY, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on December 3, 2007, in the United States District Court for the Northern District of California. (Doc. 1). On April 18, 2008, the case was transferred to this Court. (Id.). Petitioner alleges that he was denied his constitutional rights by virtue of a April 27, 2005 decision of the Board of Parole Hearings ("BPH") that found Petitioner unsuitable for parole. (Id.). On July 15, 2008, the Court ordered Respondent to file a responsive pleading. (Doc. 7). On September 12, 2008, Respondent filed the instant motion to dismiss, contending that the petition was untimely and also that it was a "second or successive" petition filed without permission of the United States Court of Appeals for the Ninth Circuit, as required by federal law. (Doc. 12). On October 27, 2008, Petitioner filed a declaration, construed by the Court as an opposition to the motion to dismiss, in which he contends that his petition in the Northern District of California is still pending

1

on appeal and, therefore, presumably not "final." (Doc. 13).  Petitioner also contends that he never filed a second petition in the Northern District of California that was transferred to this Court as the instant petition. (Id.).  Petitioner surmises that the filing of the second petition was an inadvertent error by "Court staff."  (Id.).[1]

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Respondent has filed a Motion to Dismiss the petition as being a second or successive petition.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of  28 U.S.C. § 2244(b)(3)(A), as being a second or successive petition, and upon a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and because Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

---

[1] The Court certainly does not discount the possibility of such an inadvertent error by the court clerks.  However, construing the petition liberally, as the Court is required to do, the Court assumes, for purposes of these Findings and Recommendations, that the instant petition was intentionally filed by Petitioner, and that its filing was not the result of a clerical error.

2

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on December 3, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner challenges the denial of parole eligibility at a BPH hearing on April 27, 2005. The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decision in the context of a parole board determination. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th Cir. 2003). Under subsection (d), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence." In the context of a parole board decision, the factual basis is the parole board's denial of a petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083. Thus, the statute of limitations begins to run the day following a petitioner's notification of the parole board's decision. Id. Where the date Petitioner received notice of the parole board's hearing is not part of the record, Shelby rejected the notion that remand for an evidentiary hearing was required to determine the date on which a petitioner found out about the hearing, apparently establishing instead a presumption that an inmate will in fact receive notice on the day the denial is issued, and that date will be used to calculate the statute of limitations unless the petitioner rebuts that presumption:

> "Here, as in Redd, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary. Therefore, the limitation period began running the next day."

Shelby, 391 F.3d at 1066.

The BPH's decision indicates that it would become final 120 days after the hearing, or on August 25, 2005. (Doc. 2, pt. 3, p. 123; Doc. 12, Ex. 1). Petitioner would have been aware as of August 25, 2005, at the very latest, of the factual predicate for his claim, i.e., that the BPH had denied him parole eligibility. Thus, the one year period would have commenced the following day, on August 26, 2005, and would have ended 365 days later, on August 25, 2006.

As mentioned, the instant petition was filed on December 3, 2007, fifteen months after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.

4

Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

The record before the Court indicates that Petitioner filed only one state habeas petition, a filing in the California Supreme Court on December 20, 2005.[2] (Doc. 2, pt. 2, p. 10; Doc. 12, Ex. 2).

---

[2] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003). Accordingly, for Petitioner's state petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the

5

From August 26, 2005, the first day of the one-year period, until December 20, 2005, the filing date of the state petition, a total of 117 days ran on the statute of limitations. Respondent does not disagree that the state court petition was properly filed such that it was entitled to statutory tolling for its pendency until its denial on September 20, 2006. (Doc. 12, p. 4). The one-year period re-commenced the following day, on September 21, 2006, and continued to run unabated until it expired 248 days later, on May 27, 2007. As mentioned, the instant petition was filed on December 3, 2007. Thus, statutory tolling still leaves the petition untimely by over six months.

   D.  Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner makes no claim of entitlement to equitable tolling nor does he make any allegation that "extraordinary circumstances" prevented him from timely filing the instant petition. Indeed, as discussed in the following section, it appears that he had already filed an identical petition in the Northern District of California on May 9, 2007, which, by the above calculation, would have been timely under the AEDPA. That he chose to file an identical and untimely petition some six

---

earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. In this instance, that date is December 20, 2005.

months later in this Court belies any possible claim by Petitioner that extraordinary circumstances prevented him from timely filing the instant petition. Accordingly, the petition is in violation of 28 U.S.C. § 2244(d)(1) and should be dismissed.

E. The Petition Is A Second Or Successive Petition.

Respondent also contends that the petition is successive and should be dismissed. The Court agrees.

The AEDPA amendments altered both the procedural and substantive aspects of federal habeas law. See In re Minarik, 166 F.3d 591, 599-600 (3rd Cir.1999) (considering procedural and substantive retroactivity separately); Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997) (observing AEDPA contains both aspects). Prior to the enactment of the AEDPA, federal courts denied a second or successive petition if the Government could demonstrate that the petition constituted an abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454 (1991). Courts excused an abuse of the writ only if: (1) the applicant could establish cause and prejudice-- i.e., that "some objective factor external to the defense impeded counsel's efforts" to raise the claim earlier and that "actual prejudice result[ed] from the errors of which he complain[ed,]" id. at 493-94, 111 S.Ct. 1454 (internal quotation marks and citations omitted); or (2) the applicant could demonstrate that "a fundamental miscarriage of justice would result from a failure to entertain the claim." Id. The AEDPA, however, replaced the abuse-of-the writ doctrine articulated in McCleskey.

Under AEDPA's new "gate-keeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). By filing a second and successive petition raising the same issue without first obtaining permission of the Ninth Circuit, Petitioner has violated this fundamental gate-keeping provision of the AEDPA. Accordingly, the petition must be dismissed.

Respondent's motion to dismiss establishes that Petitioner filed a federal petition identical to the instant petition in the Northern District of California on May 9, 2007, approximately six months before filing the instant petition. (Doc. 12, Ex. 4). On May 27, 2008, the Northern District denied the petition on the merits. (Doc. 12, Ex. 5). Petitioner appealed the denial to the Ninth Circuit,

1  where it has been fully briefed and is awaiting a decision.[3]

2       A review of the two petitions indicates that they are identical except that in the first petition,
3  Petitioner also submitted a form for habeas filings required by the Northern District of California.
4  Both petitions are verbatim identical and appear to be exact duplicates of each other. Both were
5  signed by Petitioner on the same date. Thus, the instant petition is a "second or successive" petition
6  within the meaning of the AEDPA and can only be filed by permission of the Ninth Circuit. Since
7  Petitioner has not contended, let alone proven, that he obtained the permission of the Ninth Circuit
8  before filing the instant petition, it must be dismissed.[4]

## **RECOMMENDATION**

10  Accordingly, for all of these reasons, the Court HEREBY RECOMMENDS that
11  Respondent's motion to dismiss (Doc. 12), be GRANTED and that the petition for writ of habeas
12  corpus (Doc. 1), be DISMISSED as untimely and successive.

13  This Findings and Recommendation is submitted to the United States District Court Judge
14  assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
15  Local Rules of Practice for the United States District Court, Eastern District of California. Within
16  twenty (20) days after being served with a copy, any party may file written objections with the court

---

[3] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the PACER website for the Ninth Circuit, containing that court's case management docket system, is subject to judicial notice.

[4] In Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the Ninth Circuit held that, under certain circumstances, if a pro se petitioner files a habeas petition during the pendency of a previous petition, the district court should construe the second petition as a motion to amend the earlier petition. Woods, 525 F.3d at 889-890. Assuming, without deciding, that the Woods' definition of "pendency" includes an appeal to the Ninth Circuit after the district court has denied the petition, the Court declines to apply Woods to this case because the rationale of Woods is inapposite to the facts here. Construing a subsequent petition as a motion to amend the earlier petition makes legal sense only when the court entertaining the second petition has jurisdiction over the first petition as well. Here, the first petition was filed in the Northern District of California. The second was also filed in the Northern District; however, it was later transferred to this Court. Even were this Court to construe the instant petition as a motion to amend the earlier petition denied by the Northern District of California but still pending in the Ninth Circuit, and even were this Court to grant the motion to amend, this Court has no authority or jurisdiction to do anything further to effectuate such an order vis-a-vis the first petition.

8

and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte* and dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1042-44 (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 21, 2006; thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner asserts that he was convicted on September 11, 1998. In the documents provided in Petitioner's response to the Order to Show Cause, it appears that he did file a direct appeal from his conviction, which concluded with the California Supreme Court's denial of his Petition for Review on February 23, 2000.[5] Thus, direct review would conclude on May 23, 2000, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from May 23, 2000, or

---

[5] Although Petitioner's response to the Order to Show Cause did indicate that he had filed a direct appeal with the California Court of Appeal, Fifth Appellate District ("5th DCA"), in case no. F031856, and that he had filed a Petition for Review with the California Supreme Court, Petitioner's documentation did not indicate the date on which the state supreme court denied his Petition for Review. The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice. Accessing that state court internet site indicates that the Petition for Review in case no. F031856 was filed on January 20, 2000 and denied by the California Supreme Court on February 23, 2000.

until May 23, 2001, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. The instant case was filed on October 16, 2006, over five years after the statute of limitations would have expired. Thus, unless entitled to applicable tolling, the petition is untimely.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one "full round" of collateral review in state court without federal interference. While the "full round" is properly in progress, the AEDPA's one-year statute is tolled.). Welch v. Carey, 350 F.3d 1079 (9th Cir. 2003) *cert. denied by* Welch v. Carey, 2004 U.S. LEXIS 3930 (June 1, 2004).

Petitioner apparently filed state habeas proceedings at each level of the California courts. Petitioner's documents indicate that he filed a Superior Court petition on January 18, 2001 that was denied on January 29, 2001, thus entitling him to eleven days of statutory tolling. On March 14, 2001, he filed a state petition in the 5th DCA that was denied on March 29, 2001, thus providing an additional fifteen days of statutory tolling. He also mailed a petition to the California Supreme Court on July 20, 2001 that was denied on December 19, 2001, thus entitled Petitioner to 152 days of statutory tolling. The consequence of this first "round" of state habeas petitions was to toll the running of the one-year limitation period by a total of 178 days. Adding those 178 tolled days to the previous deadline of May 23, 2001, results in a new AEDPA deadline of November 17, 2001.

Petitioner alleges that he filed a second round of state habeas petitions more recently. His Superior Court petition was denied on November 29, 2005. His petition in the Fifth Appellate District was filed on August 24, 2005 and denied on September 15, 2005, and his petition in the California Supreme Court was filed on September 29, 2005 and denied on July 26, 2006. Assuming, arguendo, that all three petitions were properly filed, Petitioner would then be entitled to statutory tolling for the pendency of those three petitions. The last petition was denied on July 26, 2006, the date on which statutory tolling would have expired. However, Petitioner does not indicate when he filed the first petition in the Superior Court, the date on which statutory tolling would have begun. Thus, the Court is unable to determine the amount of tolling to which Petitioner would be entitled

1   under the AEDPA.  It bears noting, however, that, based on the information provided by Petitioner in
2   the petition, he would necessarily have had to have filed the Superior Court habeas petition prior to
3   November 17, 2001, in order to make the instant petition timely.  While it seems incredible that the
4   Superior Court of Stanislaus County would have deliberated over a habeas petition for six years, the
5   Court, reluctant to recommend outright dismissal of the case without affording Petitioner an
6   opportunity to provide additional information that may affect the Court's analysis of the timeliness of
7   the petition, afforded Petitioner the chance to clarify this situation by filing additional documentation
8   to substantiate his entitlement to additional statutory tolling.  His documentation included in the
9   response did not indicate when this second superior court habeas petition was filed.  In light of
10  Petitioner's failure to establish his entitlement to statutory tolling, the Court finds that the second
11  "round" of state habeas petitions was commenced subsequent to the expiration of the one-year
12  AEDPA period on November 17, 2001.

13       A petitioner is not entitled to statutory tolling for state petitions filed after the expiration of
14  the one-year period.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore,
15  199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir.
16  2003)("section 2244(d) does not permit the re-initiation of the limitations period that has ended
17  before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999)
18  (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year
19  limitations period).   Accordingly, Petitioner would not, in any event, be entitled to statutory tolling
20  for his second round of habeas petitions.  Therefore, the petition is untimely and should be
21  dismissed.

22       Moreover, it appears that Petitioner has previously raised in this Court the identical issue he
23  is now raising in this petition.  In his response to the Order to Show Cause, Petitioner provided
24  documentation regarding an earlier federal petition filed in this Court.  In case no. 1:02-cv-5137-
25  HGB, filed on January 18, 2002, Petitioner contended, inter alia, in Ground Three of that petition
26  that his sentence was illegal because the gun-use enhancement was also an element of the offense
27  and because the aggravated sentence was illegally imposed.   On August 5, 2002, this Court denied
28  that first petition on the merits and entered judgment against Petitioner, holding that Ground Three

did not state a federal habeas claim but instead merely raised an issue of state law. (Doc. 17).

Here, Petitioner describes his claim as follows: "The dual use of enhancement fact as an aggravating factor; the court used the muti-shots [sic] from gun to aggravate the manslaughter conviction for sentencing and then use same shooting to give 12022.5 enhancement personal use of firearm, when aggravating and mitigating must outweigh one another and do not." (Doc. 1, p. 6). This is virtually identical to Ground Three in case no. 1:02-cv-5137-HGB, which was rejected by this Court on the merits in 2002.

Petitioner apparently has the misguided notion that when his claims are rejected by this Court, he may simply repackage and re-present them to another judge of this Court until he obtains the relief he seeks. This is not the case.

As noted above, the instant Petition was filed after the enactment of the AEDPA. The AEDPA amendments altered both the procedural and substantive aspects of federal habeas law. See In re Minarik, 166 F.3d 591, 599-600 (3rd Cir.1999) (considering procedural and substantive retroactivity separately); Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997) (observing AEDPA contains both aspects). Prior to the enactment of the AEDPA, federal courts denied a second or successive petition if the Government could demonstrate that the petition constituted an abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454 (1991). Courts excused an abuse of the writ only if: (1) the applicant could establish cause and prejudice--i.e., that "some objective factor external to the defense impeded counsel's efforts" to raise the claim earlier and that "actual prejudice result[ed] from the errors of which he complain[ed,]" id. at 493-94, 111 S.Ct. 1454 (internal quotation marks and citations omitted); or (2) the applicant could demonstrate that "a fundamental miscarriage of justice would result from a failure to entertain the claim." Id. The AEDPA, however, replaced the abuse-of-the writ doctrine articulated in McCleskey.

Under AEDPA's new "gate-keeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).  By filing a second and successive petition raising the same issue without first obtaining permission of the Court, Petitioner has violated this fundamental gate-keeping provision of the AEDPA. On this ground alone, the petition must be

dismissed.

However, additionally, because the issue raised in this petition has already been addressed and rejected on the merits by this Court, that prior order is res judicata in this case and binding on this Court. Res judicata, or claim preclusion, as it is commonly known, bars re-litigation in a subsequent action of any claims that were or could have been raised in the earlier action. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). The res judicata doctrine applies when, as here, there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) an identity or privity between the parties. Western Radio Services, Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). Issue preclusion bars re-litigation of issues adjudicated and essential to the final judgment of earlier litigation between the parties. Dodd v. Hood River County, 136 F.3d 1219, 1224-1225 (9th Cir. 1999); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1520 (9th Cir. 1987). The purpose behind both issue preclusion and claim preclusion is to prevent multiple lawsuits and to enable parties to rely on the finality of adjudications. Allen v. McCurry, 449 U.S. 90, 94 (1980).

Here, the issue of whether Petitioner's aggravated sentence was legal and whether the gun-use enhancement was legal have been addressed on the merits adversely to Petitioner in an earlier fedeal habeas case. Because the issue is now res judicata, this Court cannot address those issues in this new federal petition.

**RECOMMENDATION**

Accordingly, for all of these reasons, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for violation of the AEDPA's one-year limitation period, as a successive petition, and on grounds of res judicata.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will

then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:      September 8, 2009**                        /s/ **Sandra M. Snyder**
                                                                 UNITED STATES MAGISTRATE JUDGE